ROSE MARIE LEDFORD SMITH, RITA CARDEN AND FRANCES W. LEDFORD v. NATIONWIDE MUTUAL INSURANCE COMPANY AND SOUTH CARO-LINA INSURANCE COMPANY

No. 8315SC1102

(Filed 6 November 1984)

1. **Insurance § 95.1— automobile liability insurance—termination for nonpayment of premium—insufficient notice to insured**

    An "Expiration Notice" giving the insured an additional 16 day period beyond the termination date of an automobile liability policy in which he could pay the premium without an interruption in coverage was insufficient to permit defendant insurer to terminate the policy for nonpayment of premium since it failed to comply with the requirements of G.S. 20-310(f)(2) that the insured be given at least 15 days notice from the date of mailing or delivery rather than from the termination date, and the insured tendered the full amount of the premium within the required 15 day period, and since it failed to comply with the requirements of G.S. 20-310(f)(4) and (5) that the insured be advised of his right to request in writing a hearing and review from the Commissioner of Insurance and that the insured might be eligible for insurance through the North Carolina Automobile Insurance Plan.

2. **Insurance § 95.1— automobile liability insurance—no refusal of renewal by insured**

    The "Premium Notice" and "Expiration Notice" mailed by an automobile liability insurer to the insured were not "manifestations of a willingness to

renew" which were refused by the insured within the meaning of G.S. 20-310(g) so as to eliminate the necessity for compliance with the notice requirements of G.S. 20-310(f) in order for the insurer to refuse to renew the policy for nonpayment of premium.

APPEAL by defendant Nationwide Mutual Insurance Company from *McLelland, Judge.* Judgment entered 22 August 1983 in Superior Court, ORANGE County. Heard in the Court of Appeals 23 August 1984.

This is a civil action in which plaintiffs seek recovery from defendant Nationwide Mutual Insurance Company (Nationwide), based on a liability insurance policy, or in the alternative, from defendant South Carolina Insurance Company (South Carolina), based on an uninsured motorists policy.

On 8 October 1981, after a jury trial, judgment was entered against Nationwide's insured, Paul Allen Smith, based on a motor vehicle collision on 5 July 1979 involving his vehicle, operated by someone else with his permission, and a vehicle owned by plaintiff Ledford. The Ledford vehicle was being operated by plaintiff Smith. Plaintiff Carden was her passenger. Plaintiffs Smith and Carden were awarded damages in the amount of $10,000 and $1,500 respectively.

The judgment remained unsatisfied and plaintiffs made written demand for payment on 2 December 1981 pursuant to a liability insurance policy issued to Paul Allen Smith by Nationwide. Nationwide refused payment alleging that the automobile liability policy in question was not in effect at the time of the collision on 5 July 1979.

On 1 March 1982, South Carolina was notified that Nationwide's policy, issued to Paul Allen Smith, was not in effect at the time of the collision on 5 July 1979 and recovery was sought on an uninsured motorists policy issued to Ledford. South Carolina refused to pay alleging that Nationwide's policy issued to Paul Allen Smith was in full force and effect on 5 July 1979.

Plaintiffs filed this action on 2 July 1982 and both defendants moved for summary judgment.

The trial court held that the coverage afforded by Nationwide's policy of automobile liability insurance on the Paul Smith

vehicle was in full force and effect at the time of the collision on 5 July 1979 and that the uninsured motorists provisions of South Carolina's policy issued to Ledford were not applicable. Summary judgment was entered for South Carolina. Defendant Nationwide appeals.

*Coleman, Bernholz, Dickerson, Bernholz, Gledhill and Hargrave, by Douglas Hargrave, for plaintiff-appellees.*

*Moore, Ragsdale, Liggett, Ray and Foley, by Peter M. Foley and Kurt E. Lindquist, II, for Nationwide Mutual Insurance Company, defendant-appellant.*

*Holt, Spencer, Longest and Wall, by James C. Spencer, Jr., for South Carolina Insurance Company, defendant-appellee.*

EAGLES, Judge.

The main issue presented on appeal is whether, notwithstanding the language of G.S. 20-310(g), Nationwide must comply with the mandate of G.S. 20-310(f) when it declines to renew an automobile liability insurance policy for nonpayment of premium after mailing to its insured a "Premium Notice" and an "Expiration Notice." The plaintiffs contend that on 5 July 1979 the insurance policy issued by Nationwide was still in full force and effect as a matter of law because Nationwide had failed to comply with the requirements of G.S. 20-310(f) relating to cancellation or refusal to renew for nonpayment of premium. We agree.

Nationwide first assigns as error the trial court's granting of South Carolina's motion for summary judgment on the issue of Nationwide's liability under the automobile liability insurance policy issued to Paul Allen Smith.

Summary judgment is a device whereby judgment is rendered if the pleadings, depositions, interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that a party is entitled to judgment as a matter of law. *Johnson v. Phoenix Mutual Life Insurance Company*, 300 N.C. 247, 266 S.E. 2d 610 (1980). The goal of this procedural device is to allow disposition before trial of an unfounded claim or defense. *Asheville Contracting Company v. City of Wilson*, 62 N.C. App. 329, 303 S.E. 2d 365 (1983).

The undisputed facts are that: On 27 February 1979, defendant Nationwide issued to Paul Allen Smith its policy of automobile liability insurance numbered 61E686567 with a policy period from 22 February 1979 to 22 June 1979. On 1 June 1979 Nationwide mailed a document entitled "Premium Notice" through the United States mail, first class postage, to Paul Allen Smith at his home address. On 27 June 1979, Nationwide mailed a document entitled "Expiration Notice" through the United States mail, first class postage, to Paul Allen Smith at his home address. Neither of the two documents so mailed was returned to Nationwide as undelivered. On 5 July 1979, the Smith vehicle described in the Nationwide policy of insurance was involved in a collision in Orange County, North Carolina.

The trial court, in its summary judgment order filed 6 September 1983, found that there was no genuine issue as to any material fact with respect to the insurance coverage for the Paul Allen Smith vehicle, a 1969 Chrysler, and that the coverage afforded by Nationwide was in full force and effect on the date of the collision, 5 July 1979.

The deposition of Ann Amos, supervisor of Nationwide's data entry department in Raleigh, tends to show and Nationwide's brief states, that the policy in question was terminated by Nationwide for failure to pay the premium.

It is clear from the "Premium Notice" mailed 1 June 1979 and the "Expiration Notice" mailed 27 June 1979, that the policy in question would have been renewed by Nationwide if the premium had been paid in full by the deadline set in the "Expiration Notice."

The original policy listed an expiration date of 22 June 1979 and the "Expiration Notice," mailed on 27 June 1979, purported to grant Paul Allen Smith an additional 16 day period beyond 22 June 1979 in which he could pay his premium without an interruption in coverage. When full payment was not received during this additional 16 day period, Nationwide terminated the policy. The basis for Nationwide's failure to renew was nonpayment of premium.

[1]  Before an insurer may cancel or refuse to renew a policy of automobile liability insurance for failure to pay a premium due,

the insurer must follow the provisions of G.S. 20-310 and G.S. 20-309(e). *Nationwide Mutual Ins. Co. v. Davis*, 7 N.C. App. 152, 171 S.E. 2d 601 (1970).

The pertinent part of G.S. 20-310 is found in subsection (f) which provides:

(f) No cancellation or refusal to renew by an insurer of a policy of automobile insurance shall be effective unless the insurer shall have given the policyholder notice at his last known post-office address by certificate of mailing a written notice of the cancellation or refusal to renew. Such notice shall:

(1) Be approved as to form by the Commissioner of Insurance prior to use;

(2) State the date, not less than 60 days after mailing to the insured of notice of cancellation or notice of intention not to renew, on which such cancellation or refusal to renew shall become effective, except that such effective date may be 15 days from the date of mailing or delivery when it is being canceled or not renewed for the reasons set forth in subdivision (1) of subsection (d) and in subdivision (4) of subsection (e) of this section;

(3) State the specific reason or reasons of the insurer for cancellation or refusal to renew;

(4) Advise the insured of his right to request in writing, within 10 days of the receipt of the notice, that the Commissioner of Insurance review the action of the insurer; and the insured's right to request in writing, within 10 days of receipt of the notice, a hearing before the Commissioner of Insurance;

(5) Either in the notice or in an accompanying statement advise the insured of his possible eligibility for insurance through the North Carolina Automobile Insurance Plan; and that operation of a motor vehicle without complying with the provisions of this Article is a misdemeanor and specifying the penalties for such violation.

G.S. 20-310(f)(2) refers to subdivision (e)(4) of this same statute which states:

(e) No insurer shall refuse to renew a policy of automobile insurance except for one or more of the following reasons . . . (4) The named insured fails to discharge when due any of his obligations in connection with the payment of premiums for the policy or any installment thereof.

Thus, all of the provisions of G.S. 20-310(f) must be complied with before an insurer may refuse to renew an insurance policy pursuant to G.S. 20-310(e)(4). Compliance means substantial compliance with G.S. 20-310 in order for an insurer to effectively cancel (or fail to renew) an automobile liability policy for nonpayment of premium. In the instant case, Nationwide failed to substantially comply with the statute's requirements.

Here, Nationwide by the terms of its "Expiration Notice" mailed 27 June 1979 purports to grant its insured 16 days from the date of expiration, 22 June 1979, within which to pay his premium for semi-annual renewal. The clear implication of the "Expiration Notice" is that if payment is not received, Nationwide will not renew. The "Expiration Notice" falls short of substantial compliance with G.S. 20-310(f) in several respects.

G.S. 20-310(f)(2) requires at least 15 days notice *from the date of mailing or delivery* when insurance is being cancelled or not renewed for failure to pay a premium due. Here, the date of mailing is stipulated by the parties as 27 June 1979. The minimum notice required by G.S. 20-310(f)(2) was not met. If the requirements of G.S. 20-310(f)(2) had been met by the "Expiration Notice," the insured would have had until 12 July 1979 to pay his premium and have his policy renewed. For the purposes of the summary judgment motion, Nationwide stipulated that its insured, Paul Allen Smith, tendered partial payment of the premium on 6 July 1979 and a check for the full amount of the premium on 11 July 1979, both of which were refused by Nationwide. The tender of the full amount was within the required period of notice under G.S. 20-310(f)(2).

In addition, the "Expiration Notice" did not comply with G.S. 20-310(f)(4) and (5). These provisions require the insurer to advise the insured of his right to request in writing a hearing and review from the Commissioner of Insurance and that the insured may be eligible for insurance through the North Carolina Automobile Insurance Plan. For these reasons, the trial court was

correct in concluding that the policy of insurance issued by Nationwide to Paul Allen Smith was in full force and effect on 5 July 1979.

[2]  Nationwide argues that it did not have to comply with G.S. 20-310(f) because of the language contained in G.S. 20-310(g). We disagree.

G.S. 20-310(g) states:

Nothing in this section will apply:

(1) If the insurer has manifested its willingness to renew by issuing or offering to issue a renewal policy, certificate or other evidence of renewal, or has manifested such intention by any other means;

(2) If the named insured has notified in writing the insurer or its agent that he wishes the policy to be cancelled or that he does not wish the policy to be renewed;

(3) To any policy of automobile insurance which has been in effect less than 60 days, unless it is a renewal policy, or to any policy which has been written or written and renewed for a consecutive period of 48 months or longer.

Nationwide urges that it manifested its willingness to renew in the form of a "Premium Notice" and "Expiration Notice" since both contain the words "Semi-Annual Renewal" and that a lapse in coverage occurred when its insured refused Nationwide's offer. However, Nationwide has stipulated that the insured tendered partial payment on 6 July 1979 and a check for full payment on 11 July 1979. This is clearly inconsistent with the contention that the insured intended to refuse Nationwide's offer. On the contrary, the two tenders indicate a persistent attempt by the insured to renew the policy in question.

If we were to adopt the construction of G.S. 20-310(g) urged by Nationwide, it would render meaningless the protection offered to the motoring public by G.S. 20-310(f). We do not believe the legislature intended such a result.

We hold that in this case the "Premium Notice" and "Expiration Notice" were not "manifestations of a willingness to renew" which were refused by the insured. Neither were they effective

notice of refusal to renew by the insurer as required by G.S. 20-310(f).

Nationwide's assigned error on the issue of punitive damages is not properly before us, there being no final order of the trial court from which to appeal.

Affirmed.

Judges ARNOLD and WHICHARD concur.