PEERLESS INSURANCE COMPANY v. NATHAN FREEMAN v. GREAT
AMERICAN INSURANCE CO.

No. 852DC347

(Filed 21 January 1986)

Insurance § 95.1— automobile liability insurance—cancellation—notice to insured

Where defendant insured accepted third party defendant's offer to renew an automobile liability policy for the period 5 August 1981 through 5 February 1982 by sending $30.00 partial payment of his premium, neither a 14 October 1981 "Automobile Final Notice" nor a 5 November 1981 "Cancellation Notice" was sufficient effectively to cancel defendant insured's liability policy prior to his accident on 8 November 1981, since the earlier communication was made at a time when defendant insured was not in default, and the later communication failed to give 15 days notice of cancellation. N.C.G.S. 20-310(d) and (f).

Judge PHILLIPS concurring.

Judge WEBB dissenting.

APPEAL by the third-party defendant from *Ward, Judge.* Judgment entered 29 January 1985 in District Court, BEAUFORT County. Heard in the Court of Appeals 22 October 1985.

The third-party defendant Great American Insurance Company appeals from an order denying its motion for summary judgment and allowing a motion for summary judgment in favor of Nathan Freeman. On 8 November 1981 Freeman was involved in an automobile accident resulting in damages which were paid by Peerless Insurance Company under an uninsured motorists policy. Peerless sued Freeman to collect the damages and Freeman filed a third-party complaint against Great American. Plaintiff and third-party defendant filed motions for summary judgment and Freeman stipulated that the motion of Peerless against him could be allowed, which was done.

The papers filed in support and in opposition to the motions for summary judgment by Freeman and Great American show

that the following matters are not in dispute. On 5 February 1981 Great American issued to Freeman an automobile liability policy. The policy was in effect until 5 August 1981 at which time it was renewed until 5 February 1982. This renewal required payment by Freeman of a premium of $53.77. Great American received $30.00 of this amount on 27 August 1981. On 14 October 1981 Great American mailed to Freeman a document entitled "Automobile Final Notice" which informed Freeman that he owed $25.77 on his premium. Among other things the notice said, "We are anxious to continue your insurance protection, but this cancellation will be effective 11-01-81 at 12:01 a.m. unless we receive payment of $25.77 prior to that date. Payments received after the due date will be automatically refunded, and will not result in continuation of coverage." On 5 November 1981 Great American mailed Freeman a notice that his policy had been canceled effective 1 November 1981. On or about 5 November 1981 Great American received a money order from Freeman in the amount of $25.27 which was refunded to him.

The court denied Great American's motion for summary judgment and granted summary judgment for Freeman. Great American appealed.

*Rodman, Holscher & Francisco, by Edward N. Rodman, for plaintiff appellee.*

*McLendon & Partrick, by Neal Partrick, for defendant, third-party plaintiff appellee.*

*Williamson, Herrin & Barnhill, by Mickey A. Herrin, for third-party defendant appellant.*

JOHNSON, Judge.

The question posed by this appeal is whether Great American had effectively canceled Freeman's liability policy prior to the accident on 8 November 1981. An insurer may terminate automobile liability coverage before the end of a policy period only for the reasons stated in and in compliance with the procedural requirements of G.S. 20-310. *Smith v. Nationwide Mut. Ins. Co.*, 72 N.C. App. 410, 324 S.E. 2d 868 (1985). G.S. 20-310 provides in part:

(d) No insurer shall cancel a policy of automobile insurance except for the following reasons:

(1) The named insured fails to discharge when due any of his obligations in connection with the payment of premium for the policy or any installation thereof, . . . .

. . . .

(f) No cancellation or refusal to renew by an insurer of a policy of automobile insurance shall be effective unless the insurer shall have given the policy holder notice at his last known post-office address by certificate of mailing a written notice of the cancellation or refusal to renew. Such notice shall:

. . . .

(2) State the date, not less than 60 days after mailing to the insured of notice of cancellation or notice of intention not to renew, on which such cancellation or refusal to renew shall become effective, except that such effective date may be 15 days from the date of mailing or delivery when it is being canceled or not renewed for the reasons set forth in subdivision (1) of subsection (d) and in subdivision (4) of subsection (e) of this section;

(3) State the specific reason or reasons of the insurer for cancellation or refusal to renew;

When an insured is in default on the payment of a premium within the meaning of G.S. 20-310(d), the notice requirements of G.S. 20-310(f) are triggered. Hence, the threshold issue is whether Freeman was in default on 14 October 1981 when Great American sent the "Automobile Final Notice" giving fifteen days notice of cancellation. He was not. Freeman accepted Great American's offer to renew for the period 5 August 1981 through 5 February 1982 when he sent $30.00 partial payment. *See Smith v. Nationwide Mut. Ins. Co.*, 71 N.C. App. 69, 75, 321 S.E. 2d 498, 502 (1984). Applying $30.00 toward the total due of $53.77, Freeman had paid for coverage through 14 October. Additionally, the "Automobile Final Notice" expressly stated that the amount $25.77 was due at a date certain in the *future*, namely 1 November 1981. Because Freeman had paid for coverage through 14 October and because the October 14 notice showed a prospective due date, Great American could not view Freeman as being in default on the date

14 October. The 14 October attempt to give notice was fatally premature.

The earliest possible date Freeman could be deemed in default pursuant to G.S. 20-310(d)(1) was 2 November. The second letter from Great American, the "Cancellation Notice" of 5 November, could effectively operate as a valid notice of cancellation if it otherwise substantially complied with requirements of G.S. 20-310(f). It did not. Foremost, G.S. 20-310(f)(2) requires fifteen days notice from the date of mailing. The "Cancellation Notice" at issue did not show a date of cancellation at least fifteen days hence; instead it showed a date of cancellation four days *prior* to the mailing. Great American did not meet all statutory requirements of G.S. 20-310 in either the 14 October or the 5 November communications.

Great American argues that to allow such an interpretation of the interrelationship between G.S. 20-310(d)(1) and 20-310(f) allows for the possibility that the insured could receive fifteen days of free coverage. We believe the Legislature was advertent to the possibility of such gaps in the statute. *See Faizan v. Grain Dealers Mut. Ins. Co.*, 254 N.C. 47, 55, 118 S.E. 2d 303, 309 (1961). Any other construction would render the protection offered to the motoring public by these statutes meaningless. *Smith*, 72 N.C. App. at 405, 324 S.E. 2d at 872.

In *Faizan*, the Court construed an alleged notice of cancellation and held that the insured was not covered. *Faizan* can be distinguished on the facts. In *Faizan*, the insured failed to pay any premium at the time of renewal. The Court held that the cancellation of insurance was the result of an *act* of the *insured*, thus the requirements of G.S. 20-310 were not invoked. Here, the insured had accepted the insurance company's offer to renew when he sent and Great American accepted payment in August. Both parties stipulated that renewal had occurred. The attempted cancellation two months after renewal only can be deemed an act of the insurer, thereby invoking G.S. 20-310. Great American did not fulfill its obligations in conformity with G.S. 20-310; therefore, Great American had not effectively canceled Freeman's liability policy prior to the accident on 8 November 1981. The judgment below is

Affirmed.

Judge PHILLIPS concurs.

Judge WEBB dissents.

Judge PHILLIPS concurring.

I concur in the foregoing opinion of Judge Johnson. G.S. 20-310 authorizes the cancellation of automobile liability policies only for the *existing* causes stated and upon *advance* notice as provided therein; it does not authorize either prospective or retroactive cancellation. Since Great American had been paid for coverage through October 14, 1981, its letter of that date was no more than a statement that a payment was due in the future; and the November 5, 1981 letter was equally ineffective as a cancellation, because the required notice was not given.

Judge WEBB dissenting.

I dissent. I believe Freeman was in default when notice was given to him on 14 October 1981. The premium due was $53.77. He could not pay this by sending $30.00 to Great American. I do not believe the notice sent to Freeman expressly stated that $25.77 was due on 1 November 1981. I believe it told him that the payment was past due at the time of the notice and the policy would be cancelled on 1 November 1981 unless payment was received prior to that date. This notice complied with the statutory requirements and Freeman's policy was cancelled effective that date. I vote that it was error not to grant Great American's motion for summary judgment.