IN RE SHANNON MARIE McDONALD, JUVENILE

No. COA98-1276

(Filed 1 June 1999)

**1. Probation and Parole— condition of probation of juvenile—no television**

When placing three juveniles on probation for injury to real property in converting what they believed to be an abandoned boat house to a clubhouse, the trial court did not err by placing an additional condition on the appealing juvenile's probation where the juvenile spray painted the words "Charles Manson" because she had recently watched a television documentary, and the court found that the juvenile's susceptibility to the influences of television contributed to her delinquent conduct and ordered that she not watch television for one year. The condition of probation was within the judge's power because it was related to both the juvenile's unlawful conduct and her needs. Her First Amendment rights were not violated because the judge took her words into account only to determine what factors influenced her delinquent conduct and the best way to remove those factors from her life.

**2. Probation and Parole— restitution—evidence insufficient**

The trial court erred by ordering a juvenile to pay restitution for rearranging items and spray painting words and pictures on a boat house wall where the only evidence of the extent of the damage consisted of pictures of the spray painted walls. It is undisputed that the State failed to provide any evidence about the monetary amount of damages suffered by the boat house owner and it appears that the court looked at the pictures and speculated as to the damage.

Appeal by juvenile Shannon Marie McDonald from judgment entered 27 April 1998 by Judge Edgar L. Barnes, District Court, Camden County. Heard in the Court of Appeals 11 May 1999.

*Michael F. Easley, Attorney General, by Ted R. Williams, Assistant Attorney General, for the State.*

*Frank P. Hiner, IV, for defendant-appellant.*

WYNN, Judge.

Between 25 December 1997 and 5 January 1998, defendant Shannon McDonald and two other fourteen-year-old girls spent part of their Christmas break playing in what they believed to be an abandoned boat house. At some point, the girls decided to transform the boat house into a "clubhouse" and accordingly rearranged some items and spray painted words and pictures on the boat house walls. McDonald spray painted, *inter alia,* the words "Charles Manson Rules." The other two girls spray painted words such as "Nicole and Deanna Best Friends."

Ultimately, the three girls were found "responsible" for the charge of injury to real property. All three girls were given twelve months of juvenile probation with virtually identical conditions; including the condition that they pay the boat house custodian restitution in the amount of two hundred dollars.

During the disposition phase, McDonald informed the judge that she spray painted the words "Charles Manson" because she had recently watched a documentary on television about him. This revelation led the judge to believe that McDonald was "too susceptible to impression to be watching television" and accordingly he ordered an additional condition of probation, to wit, that she not watch television for one year. McDonald appeals both this additional condition and the judge's restitution order.

[1] On appeal, McDonald first contends that the judge's decision to place an additional condition on her probation—that she not watch television for a year—violates her First Amendment rights. Specifically, McDonald contends that Judge Barnes singled her out for special punishment because of the content of her writings rather than her conduct in spray painting the structure.

Initially, we note that under N.C. Gen. Stat. § 7A-649(8) a judge may place a juvenile on probation and "shall specify conditions of probation that are related to the needs of the juvenile." In deciding the conditions of probation, the trial judge is free to fashion alternatives which are in harmony with the individual child's needs. *See In re Groves,* 93 N.C. App. 34, 376 S.E.2d 481 (1989). Indeed, the statutory framework was designed to provide flexible treatment in the best interests of both the juvenile and the State. *See In re Khork,* 71 N.C. App. 151, 321 S.E.2d 498 (1984).

## IN RE McDONALD

[133 N.C. App. 433 (1999)]

In the case *sub judice*, the judge found that McDonald's susceptibility to the influences of televison contributed to her delinquent conduct. Accordingly, the judge concluded that it was in her best interests to avoid those influences for one year. Because this condition of probation was related to both McDonald's unlawful conduct and her needs, it was within the judge's power to impose this condition. Therefore, we need only determine whether the judge, by imposing a greater sentence upon McDonald based upon the content of her words, violated McDonald's First Amendment rights.

We find the United States Supreme Court case of *Wisconsin v. Mitchell*, 508 U.S. 476, 124 L. Ed. 2d 436 (1993) controlling. In *Mitchell*, the Court confronted the constitutionality of a penalty-enhancing statute which provides for an increased penalty if a person commits the underlying offense "because of" the race of the victim. The Court began by noting that "sentencing judges have considered a wide variety of factors in addition to evidence bearing on guilt in determining what sentence to impose on a convicted defendant" including their motive for committing the crime. *Id.* at 485, 124 L. Ed. 2d at 443. Thereafter, the Court noted that although a defendant's abstract beliefs, no matter how obnoxious, cannot be considered, those beliefs can be permissibly taken into account when they are relevant to underlying crime or the weighing of aggravating or mitigating circumstances. *Id.* at 486, 124 L. Ed. 2d at 443. That is, the Court held that a judge may consider a defendant's underlying motives and beliefs so long as they are relevant to the proceedings.

In the case *sub judice*, the judge's consideration of McDonald's words were directly relevant to the proceedings. Specifically, the judge took McDonald's words into account only to determine what factors influenced her delinquent conduct and the best way to remove those factors from her life. Moreover, the judge sentenced McDonald differently not because his beliefs about Charles Manson differed from hers, but rather because he felt that she was too susceptible to the influences of television. Indeed, it has not been argued nor has there been any evidence that McDonald even believed in the teachings of Charles Manson. Rather, it appears that she was emulating what she observed on television and the judge was merely trying to alleviate some of those potentially damaging influences. This is evidenced by the fact that the judge's order in no way prohibits McDonald from learning about Charles Manson or any other figure through other means. Accordingly, this assignment of error is rejected.

**[2]** McDonald also contends that the trial court erred in ordering her to pay restitution because it failed to make appropriate findings of fact. This Court has previously stated that "[a]n order of restitution must be supported by appropriate findings of fact, and those findings must in turn be supported by some evidence in the record." *In Re Davis*, 126 N.C. App. 64, 66 (1997). In the case *sub judice*, it is undisputed that the State failed to provide any evidence about the monetary amount of damages suffered by the boat house owner. The State's only evidence regarding the extent of damage consisted of pictures of the spray-painted walls. These pictures, however, did not provide the trial court with factual support for its determination that the boat house suffered six hundred dollars damage. Indeed, it appears that the trial court looked at these pictures and simply speculated as to the extent of damage. Accordingly, because there is no factual support underlying the trial court's restitution order, we must reverse this aspect of its ruling.

Affirmed in part, reversed in part.

Judges GREENE and MARTIN concur.