IN THE MATTER OF: MEB

No. COA01-1323

(Filed 1 October 2002)

**Juveniles— special condition of probation—wear juvenile criminal sign in public**

The trial court erred in a felony breaking and entering and felony possession of burglary tools case by requiring as a special condition of probation that a juvenile offender publicly wear a 12" x 12" sign with the words "I am a juvenile criminal," because: (1) N.C.G.S. § 7B-3001(b) merely provides a mechanism for individuals to obtain juvenile records upon a showing of need, and this special condition of probation transforms the privilege into a punishment against the juvenile; (2) the juvenile is not subject to the condition of intensive supervision under N.C.G.S. § 7B-2510(b)(5) since she has no prior record; and (3) the State's attempt to place the juvenile under a de facto house arrest by stating she can choose to stay home, rather than be required to wear the sign, is without statutory authority.

**IN RE MEB**

[153 N.C. App. 278 (2002)]

Appeal by juvenile from orders entered 19 February 2001 by Judge James M. Honeycutt in District Court, Iredell County. Heard in the Court of Appeals 21 August 2002.

*William M. Willis, IV, for respondent-appellant.*

*Attorney General Roy Cooper, by Assistant Attorney General Diane Martin Pomper, for the State.*

WYNN, Judge.

This appeal presents an issue of first impression: Did the trial court err by requiring as a special condition of probation that a juvenile offender publicly wear a 12" x 12" sign with the words "I AM A JUVENILE CRIMINAL"? We answer, yes, and therefore, reverse the order of the district court.

On 1 October 2000, Appellant, a 14-year old female juvenile, and three other juveniles broke into a middle school and caused approximately $60,000 of damage to school property. As a result of the offense, Appellant was expelled from the ninth grade for the remainder of the school year.

On 18 January 2001, Appellant, who had no prior history of delinquency, admitted allegations supporting the offenses of Felony Breaking and Entering and Felony Possession of Burglary Tools. On 19 February 2001, the district court entered its Disposition Order, Supplemental Order, and Conditions of Probation. As conditions of Appellant's twelve-month probation, the court ordered her (1) to pay $250 in restitution; (2) to complete 50 hours of community service; (3) to follow the curfew established by the Court Counselor; (4) not to associate with codefendants; (5) not to go on the property of the damaged school; (6) not to use firearms, controlled substances, or alcohol; and (7) to submit to random drug testing.

As a special condition of probation, the court ordered Appellant "to wear a sign around her neck, 12" x 12" with the words—I AM A JUVENILE CRIMINAL—written in large letters." Moreover, the court provided that: "The Juvenile is to wear this sign whenever out in public, whenever she is away from her own residence." The court further ordered Appellant to wear the sign "until the school year term would have ended if the juvenile would have been attending school." This condition of probation is the sole issue on appeal.

IN RE MEB

[153 N.C. App. 278 (2002)]

N.C. Gen. Stat. § 7B-2510 states the law governing the imposition and conditions of juvenile probation in North Carolina. The section provides that "[t]he court may impose conditions of probation that are related to the needs of the juvenile and that are reasonably necessary to ensure that the juvenile will lead a law-abiding life . . . ." N.C. Gen. Stat. § 7B-2510(a) (2001). Although the section lists thirteen specific conditions of probation that may be applied, the trial court can require "the juvenile [to] satisfy any other conditions determined appropriate by the court." N.C. Gen. Stat. § 7B-2510(a)(14). "In deciding the conditions of probation, the trial judge is free to fashion alternatives which are in harmony with the individual child's needs." *In re McDonald*, 133 N.C. App. 433, 434, 515 S.E.2d 719, 721 (1999) (upholding a special condition of probation restricting a juvenile's access to television for a one year period).

Appellant contends the discretion of the trial court to fashion alternative conditions of probation is limited by specific statutory language protecting the confidentiality of juvenile offenders. To illustrate this first contention, Appellant points to two sections in the Juvenile Code. First, Appellant points to N.C. Gen. Stat § 7B-3100 which provides that: "Disclosure of information concerning any juvenile under investigation or alleged to be within the jurisdiction of the court that would reveal the identity of that juvenile is prohibited . . . ." Second, Appellant points to N.C. Gen. Stat. § 7B-2102(d) which provides that fingerprints and photographs taken pursuant to the Juvenile Code are not public records, and are not subject to public examination or inspection. Furthermore, Appellant notes that the Juvenile Code and the Criminal Law prohibit state agencies and law enforcement from releasing the names of juveniles who are registered sex offenders. *See* N.C. Gen. Stat. § 14-208.29 (2001) (providing that: "Under no circumstances shall the registration of a juvenile adjudicated delinquent be included in the county or statewide registries, or be made available to the public via internet"). Accordingly, Appellant argues that "if it is unlawful to disseminate a photograph of a juvenile to the public, logically it is not proper to require a juvenile to conduct her public business in open while wearing a sign that brands her as a 'juvenile criminal.' "

As a second contention, Appellant argues that the special condition of probation violates the "focus of the juvenile justice system" which "is not on punishing the juvenile offender but on achieving an *individualized* disposition that meets the juvenile's needs and promotes [her] best interests." *In re Groves*, 93 N.C. App. 34, 36, 376

S.E.2d 481, 482-83 (1989) (emphasis in original). In support of this contention, Appellant points to a North Carolina Supreme Court decision noting that the "[d]isposition of a juvenile . . . involves a philosophy far different from adult sentencing." *In re Vinson*, 298 N.C. 640, 666, 260 S.E.2d 591, 607 (1979) (holding that "a delinquent child is not a 'criminal.' The inference is that a juvenile's disposition is not intended to be a punishment but rather an attempt" at rehabilitation.); *see also*, *In re Burrus*, 275 N.C. 517, 529-30, 169 S.E.2d 879, 886-87 (1969). Thus, Appellant contends that requiring a juvenile to wear a sign stating "I AM A JUVENILE CRIMINAL" undermines the policy that a juvenile is not a criminal and unnecessarily subjects the juvenile to pubic humiliation and embarrassment.

In response to Appellant's first argument, the State concedes that many statutes restrict the dissemination of information about juvenile cases. The State contends, however, that various statutes permit disclosure of juvenile records "by order of the court." *See* N.C. Gen. Stat. § 7B-3001(b). The State argues that this statutory power, in conjunction with the court's authority under N.C. Gen. Stat. § 7B-2506(16) to "require the juvenile to comply with any other reasonable conditions . . . that are designed to facilitate supervision," provides a legal basis for the trial court's special condition of probation. Specifically, the State argues that because the juvenile was expelled from school, and because the juvenile's family dynamics did not ensure sufficient supervision, the trial court's order was reasonable in order to facilitate community supervision over the juvenile by alerting community members that the juvenile was in need of supervision.

In response to Appellant's second argument, the State contends that the sign does not undermine the policy of treating juveniles as delinquent because the sign is not a criminal punishment. Although the sign identifies the juvenile as a "criminal," the State contends that the sign is intended to emphasize the accountability and responsibility of the juvenile, and not the juvenile's criminal acts. Furthermore, the State argues that the sign does not cause unnecessary embarrassment, because the juvenile is not *required* to wear the sign: The juvenile is free to remain at home at all times.

We find the State's arguments unpersuasive. The State's first contention, that N.C. Gen. Stat. § 7B-3001(b) gives the trial court the discretion to open juvenile records to public display, is based on a misinterpretation of the relevant statute. Section 7B-3001(b) provides that "all law enforcement records and files concerning a juve-

nile . . . *shall* be withheld from public inspection." (emphasis added). Section 7B-3001(b) provides five exceptions to this general principle; namely, the juvenile, the juvenile's parents, the prosecutor, the juvenile court counselor, and law enforcement officers may examine juvenile records without a court order. "Otherwise, the records and files may be examined or copied only by order of the court." *Id.*

Indeed, the State's reliance on this section to support the proposition that a court can order a juvenile to publicly disclose her status as a juvenile delinquent is misplaced. At most, this section provides a mechanism for individuals to obtain juvenile records upon a showing of need. This section does not grant the court authority to place juvenile records in a public display case on the courthouse steps. This is precisely the situation we face today. The court's order, requiring the juvenile to wear a sign stating "I AM A JUVENILE CRIMINAL," opens the juvenile's records to public display rather than permitting individual inspection of juvenile records authorized "by order of the court" under Section 7B-3001(b). The special condition of probation in the present case, transforms the privilege of an individual to obtain access to juvenile records, upon a showing of need, into a punishment against the juvenile. This is impermissible.

The State's second contention, that the sign is a reasonable means of facilitating community supervision, violates the Juvenile Code. Under N.C. Gen. Stat. § 7B-2510(b)(5), the court may authorize the court counselor to order the juvenile to comply with conditions of "intense supervision." The court, however, "shall not" give the chief counselor the authority to order "intense supervision" unless the juvenile is subject to a class 2 disposition. *See* N.C. Gen. Stat. § 7B-2510(b)(5). Here, the Appellant has no prior record and, therefore, the Appellant is a class 1 disposition under N.C. Gen. Stat. §§ 7B-2507, 2508. Accordingly, Appellant is not subject to the condition of "intensive supervision," and the State's justification for the sign is without merit.

Finally, the State argues that Appellant is not *required* to wear the sign, because Appellant can choose to stay home. While this argument would solve the State's problems associated with "intensive supervision" and confidentiality in the State's first two arguments, it too is unpersuasive. Essentially, the State is arguing that Appellant has a choice between public ridicule and *de facto* house arrest. As noted previously, the first choice violates the Juvenile Code and public policy. The alternative choice, house arrest, is a remedy only available against class 2 juvenile dispositions. *See* N.C. Gen. Stat.

§§ 7B-2506(18), 2508(d). Here, Appellant is a class 1 disposition. Accordingly, the State's attempt to place the juvenile under a *de facto* house arrest is without statutory authority.

In sum, we reverse the trial court's special condition of probation requiring the Appellant to wear a sign reading "I AM A JUVENILE CRIMINAL." We, therefore, remand this matter to the district court for modification of the Conditions of Probation.

Reversed and Remanded.

Judges HUDSON and CAMPBELL concur.